UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN ESDALE, et al,

    Plaintiffs,

v.                                              CASE NO: 8:06-cv-948-T-23MSS

SARASOTA COUNTY SHERIFF'S OFFICE,
et al.,

    Defendants.
_____/

**ORDER**

Steven Esdale, individually, and Steven and Lisa Esdale, on behalf of their minor son Ryan, assert claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Sarasota County Sheriff's Office (the "SCSO"), the Florida Department of Law Enforcement (the "FDLE"), and the District Twelve Medical Examiner (the "Medical Examiner").  The Esdales assert the Section 1983 claims as alleged beneficiaries of the estate of Murray Cohen, who was Steven Esdale's father and Ryan Esdale's grandfather.  The complaint asserts that the SCSO, the FDLE, and the Medical Examiner intentionally deprived the Esdales of "any enjoyment of testamentary bequests made by Cohen." (Compl. ¶¶ 35,36).

The Esdales claim the SCSO, the FDLE, and the Medical Examiner intentionally failed to investigate adequately the circumstances of Cohen's death.  Specifically, the Esdales argue that the defendants intentionally overlooked evidence that Cohen's wife,

Maria Amurrio, murdered Cohen. The Esdales claim that the defendants intentionally failed to investigate Amurrio's possible criminal involvement in Cohen's death and that the failure to investigate allowed Amurrio to deprive the Esdales of their inheritance. The Esdales assert a Section 1983 claim against the SCSO and the FDLE for conspiracy to deprive the Esdales of their putative "right to inherit" Cohen's estate. Each defendant moves to dismiss (Docs. 10, 15, 17) for failure to state a claim.

### Eleventh Amendment Immunity

Both the FDLE and the Medical Examiner assert Eleventh Amendment immunity from this action. The Eleventh Amendment prevents a private party's suing a state, including an "arm of the state," in federal court. Abusaid v. Hillsborough County Bd. Of County Comm'r, 405 F.3d 1298, 1303 (11th Cir. 2005); Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc); see also Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56 (1974). Analysis of an Eleventh Amendment immunity claim requires determination of the function the entity performed when liability purportedly arose. See Abusaid, 405 F.3d at 1303 (quoting Manders, 338 F.3d at 1308). More specifically, analysis includes determination of the "essential governmental nature" of the entity as defined by state law, the degree of control of the state over the entity, the source of the entity's money, and the bearer of financial responsibility for judgments against the entity. See Abusaid, 405 F.3d at 1303 (quoting Manders, 338 F.3d at 1308). The FDLE is unquestionably an "arm of the state" and enjoys Eleventh Amendment immunity from the instant action. See also Tennant v. Florida, 111 F.Supp.2d 1326, 1330 (S.D. Fla. 2000). Any claim against the FDLE is **DISMISSED WITH PREJUDICE**.

### Section 1983 - Due Process and Conspiracy

The defendants' motions to dismiss (Docs. 10, 15, 17) are construed as motions for a more definite statement and are **GRANTED**. The plaintiffs shall submit, on or before **November 21, 2006**, an amended complaint that clearly identifies the factual basis for the alleged deprivation of the plaintiffs' testamentary bequests; the facts supporting the existence of the testamentary bequests, and a sufficient description of the testamentary bequests[1]; the outcome of any probate proceedings relating to the estate of Murray Cohen, and any issue related to the allegations of the complaint that any court addressed at the probate proceedings[2]; the chain of causation between the actions of the governmental entities and the alleged deprivation by Amurrio; the specific policy or policies of the governmental defendants that caused the alleged deprivation; and sufficient facts to support a claim for conspiracy, including facts showing an the existence of an agreement between the SCSO and the FDLE.[3]

### Conclusion

---

[1] The plaintiffs' shall include with the amended complaint a copy of any will or codicil creating the alleged testamentary bequests.

[2] The plaintiffs' shall include with the amended complaint a copy of any order from any court relating to the alleged deprivation of the plaintiffs' testamentary bequests by Amurrio that was entered in the Sarasota County probate proceeding In re Murray B. Cohen, 2003 CP 001071 NC.

[3] A claim of conspiracy requires more than mere conclusory allegations.  See Dolin v. West, 22 F. Supp. 2d 1343, 1350-1351 (M.D. Fla. 1998) (finding conclusory claims "too weak" to demonstrate a conspiracy); Rowe v. City of Fort Lauderdale, 8 F. Supp. 2d 1369, 1377 (S.D. Fla. 1998) (requiring "some factual detail about the conspiracy" because "conclusory statements suggesting a conspiracy are not sufficient to state a claim")

Each motion to dismiss (Docs. 10, 15, 17) is construed as a motion for more definite statement and is **GRANTED**.  Any claim against the FDLE is **DISMISSED WITH PREJUDICE**.  The motion (Doc. 31) for leave to file an amended complaint is **DENIED AS MOOT**.  The Esdales may amend and re-file their complaint on or before **November 21, 2006**.

ORDERED in Tampa, Florida, on November 7, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy