UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN ESDALE, et al.,

Plaintiffs,

v. Case No: 8:06-cv-948-T-23MSS

SARASOTA COUNTY SHERIFF'S OFFICE, et al.,

Defendants.
_______________________________________/

**ORDER**

Following an order (Doc. 38) dismissing the plaintiffs' claim against the Florida Department of Law Enforcement ("FDLE") and construing the Sarasota County Sheriff's Office's (the "SCSO") and the District Twelve Medical Examiner's (the "Medical Examiner") motions to dismiss (Docs. 10, 15, and 17) as motions for a more definite statement (and granting the same), Steven Esdale, individually, and Steven and Lisa Esdale, on behalf of their minor son Ryan, amend their complaint (Doc. 43) to allege claims against the SCSO and the Medical Examiner pursuant to 42 U.S.C. § 1983 ("Section 1983").

**DISCUSSION**

The Esdales allege the Section 1983 claims as purported beneficiaries of the estate of Murray Cohen ("the Estate"), who was Steven Esdale's father and Ryan Esdale's grandfather. The amended complaint alleges that both the SCSO and the

Medical Examiner intentionally failed to investigate whether Cohen's wife, Maria Amurrio, was responsible for Cohen's murder, and that the defendants failed to identify Amurrio as disqualified from service under Florida law as the personal representative of the Estate. The plaintiffs allege that these purported state actions allowed Amurrio in violation of federal law to waste the Estate and deprive the Esdales of the enjoyment of testamentary bequests by Cohen. Pursuant to 12(b)(6), Federal Rules of Civil Procedure, the defendants move (Docs. 44, 45) to dismiss the amended complaint for failure to state a claim. The plaintiffs respond in opposition to the motions (Docs. 48, 49).

The Esdales allege Section 1983 claims against the SCSO and the Medical Examiner for their purportedly intentional failure to investigate the circumstances of Cohen's death (or, as the Esdales allege, Cohen's "murder" by Maria Amurrio) (Doc. 43 at ¶¶ 34-38). The complaint alleges that Cohen's will provides Amurrio a life estate in real property in Sarasota, Florida, with the remainder to Ryan Esdale, and the residue to Steven Esdale (if Ryan Esdale predeceases Steven Esdale) (Doc. 43 at ¶¶ 39-41).

During the probate of Cohen's will, the circuit court in Sarasota County, Florida (the "circuit court") authorized Amurrio, as the personal representative of the Estate, to sell the Sarasota property to pay the Estate's attorney's fees and costs arising from the protracted, contentious probate of Cohen's will (Doc. 43 at ¶¶ 43-45). Subsequently, Amurrio sold the property and paid the Estate's attorney fees and costs. The Esdales seek relief pursuant to the Fourteenth Amendment claiming that "it is highly unlikely that Ryan Esdale will receive any other assets devised to him under the will . . ." due to the defendants' allegedly unlawful actions (Doc. 43 at ¶ 46).

A motion to dismiss a complaint must be granted if, as a matter of law, no facts exist entitling a plaintiff to relief. Brown v. Crawford County, 960 F.2d 1002, 1010 (11th Cir. 1992). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and may dismiss the complaint only if the plaintiff can allege no facts that support his claims and entitle him to relief. Lucky v. Harris, 860 F.2d 1012, 1016 (11th Cir. 1988).

The plaintiffs sue under the Fourteenth Amendment of the United States Constitution, which states that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law ...." U.S. Const. amend. XIV § 1. To bring a violation pursuant to this clause, a plaintiff, *at a minimum,* must allege properly the deprivation of a constitutionally protected right. Concomitantly, DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189 (1989) holds that "nothing in the language of the Due Process Clause itself requires the state to protect the life, liberty, and property of its citizens against invasion by private actors . . ." and that the Due Process Clause's "language cannot be fairly extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."

A section 1983 due process claim comprises a deprivation of a constitutionally protected liberty or interest, state action and constitutionally inadequate process. Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir. 2006). The failure to establish any of the three requirements defeats a procedural due process claim.[1]

---

[1]As in Arrington, the plaintiffs' claims involve allegations of procedural due process. Even if they were claims of substantive due process, because the plaintiffs' allegations are based upon single acts of mere negligence or failure to act by a state official, it is "unnecessary to determine whether [the plaintiffs'] claims sound in procedural or substantive due process." Porter v. White, 2007

(continued...)

A. The Plaintiffs Allege Neither Affirmative State Action Nor An Affirmative State Obligation To Protect.

Failing to allege properly either affirmative state action on the one hand or an affirmative state obligation to protect the plaintiffs, the plaintiffs' claims fail as a matter of law. See DeShaney at 200-201 ("[T]he Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests ...."). Even accepting as true the allegations in the plaintiffs' amended complaint, the Due Process Clause of the Fourteenth Amendment does not "transform every tort committed by a state actor into a constitutional violation." DeShaney at 201.

Rather than satisfy their pleading and constitutional requirements, the plaintiffs allege a conspiracy between the SCSO and the FDLE and, more generally, allege *inaction* among the defendants in investigating Cohen's death. The plaintiffs state that the defendants' *inaction* "obstructed the administration of justice" (Doc. 43 at ¶¶ 34-35, 69, 78). These conclusory claims fail as a matter of law. Crawford-El v. Britton, 523 U.S. 574 (1998). More akin to a claim for negligence or a failure to act, the plaintiffs' claims are particularly ripe for dismissal. Porter v. White, 2007 WL 1074714 at *11 (11th Cir. Apr. 12, 2007), holds that "mere negligence or inadvertence on the part of law enforcement does not meet the fairness requirements imposed by the Due Process Clause, [and] does not amount to a 'deprivation' in the constitutional sense." Thus, to the extent that the amended complaint seeks to impute action to inaction, the plaintiffs' claims fail. Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005) holds that "the benefit that a third party may

[1](...continued)
WL 1074714 at *11 (11th Cir. Apr. 12, 2007).

receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause ....” Castle Rock addresses whether a municipality’s alleged failure to enforce a restraining order violates the due process rights of the individuals the restraining order designed to protect. Castle Rock and DeShaney hold that police inaction supports no claim because the prospective claimant did not, “for purposes of the Due Process Clause, have a property interest in police enforcement of the restraining order ....” The Esdales ask for precisely the relief that Castle Rock and DeShaney foreclose – an amorphous due process right to enforcement of a purported “property interest.” To this extent, the Esdales’ request fails.

The amended complaint is also conspicuously and wholly lacking specific factual allegations of any concerted action by any individual or entity and fails to adequately allege, as required, violation of a state policy or custom with which the defendants failed to comply. If a plaintiff’s allegation of wrongdoing is based on a conclusory assertion of a government actor’s motive “‘the [trial] court may insist ...” that the plaintiff “‘put forward specific non-conclusory factual allegations’ that establish improper motive causing cognizable injury in order to survive a pre-discovery motion for dismissal or summary judgment.” Crawford-El at 598, quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991).[2]

Given the Supreme Court’s insistence on “non-conclusory factual allegations” the plaintiffs were allowed leave to file an amended complaint to properly allege “the chain of causation between the actions of the governmental entities and the alleged deprivation by Amurrio; the specific policy or policies of the governmental defendants that caused the

[2] Crawford-El recognizes that “this option exists even if the official chooses not to plead the affirmative defense of qualified immunity.” Id. at 236.

alleged deprivation; and sufficient facts to support a claim for conspiracy, including facts showing the existence of an agreement between the SCSO and the FDLE" (Doc. 38 at 3). However, the plaintiffs' amended complaint merely iterates their initial complaint, that is, the amended complaint comprises an array of conclusory allegations of alleged harm arising from purported negligence and inaction by government employees. Failing to set forth "specific, non-conclusory factual allegations" required to survive a motion to dismiss, the plaintiffs fail to satisfy their pleading burden. Siegert, 500 U.S. at 236. These reasons alone warrant dismissal of the plaintiffs' claims.[3]

B. The Eleventh Circuit's Pleading Requirements.

Arrington requires that the plaintiffs assert both a constitutionally protected property interest *and* a governmental deprivation of that constitutionally protected interest. Arrington at 1348. The Due Process Clause affords no protection from a citizen's exposure to the "mere risk" of a deprivation of a constitutionally protected interest. Arrington at 1348, n.12. Accordingly, a governmental act that merely allows another the opportunity to effect a deprivation of a constitutionally protected interest is not actionable under Section 1983.

The plaintiffs allege that the acts of the defendants left Amurrio "free to substantially liquidate the assets" of the decedent and to deprive the defendants of "any enjoyment of testamentary bequests" by the decedent. Doc. 43 at ¶¶ 24-26, 34-35, 78. Thus, any allegedly protected property interest arises out of Cohen's will. Under Florida

[3]The amended complaint also fails to adequately allege causation, i.e. that officials acted under the color of state law and *caused* deprivation of a right owed the plaintiffs. Troupe v. Sarasota County, Fla., 419 F.3d 1160 (11th cir. 2005); (Greffey v. State of Alabama Dept. of Corrections, 996 F. Supp. 1368. 1377 (N.D. Ala. 1998) citing Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (stating that "causation is an essential element of a § 1983 cause of action.")

law, a will admitted to probate becomes effective to prove title to, or the right to possession of, the property of the testator, and the will creates a property interest subject to due process protection. See Fla. Stat. § 733.103(1); In re Purdy's Estate, 54 So. 2d 112, 113 (Fla. 1951). The *probate itself* constitutes due process. See Fla. Stat. § 733.103(2) ("In any collateral action or proceeding relating to devised property, the probate of a will in Florida shall be conclusive of its due execution.")

Cohen's will was admitted to probate in Florida, and the plaintiffs obtained due process protection through the Florida probate and the judicial disposition of the will. The plaintiffs' claim that the defendants' actions created the opportunity for a third party, Amurrio, to deprive the plaintiffs of their asserted rights fails to survive a motion to dismiss because mere exposure to a risk of deprivation of a constitutionally protected interest by a third party does not satisfy the requirement of a governmentally caused deprivation. Arrington at 1348 n.12. The plaintiffs enjoyed the opportunity to assert their rights before the probate court and chose to do so. Put simply, the plaintiffs had their day in state court and lost.

C. Liability For Actions Of Government Employees.

A complaint fails as a matter of law to establish a civil rights claim to the extent the claim depends upon discreet instances of alleged inaction by state employees. Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (holding that a "local government may not be sued under Sec. 1983 for an alleged injury inflicted solely by its employees or agents"); McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); Taylor v. Ledbetter, 818 F.2d 791 (11th Cir. 1987) (the alleged failure to adequately conduct an investigation does not give rise to a Section 1983 claim). Thus, neither a municipality nor

a municipal agency incurs vicarious liability under Section 1983 for an act of an employee. Because the municipality incurs liability only for a policy or custom that deprives the plaintiff of a constitutional right, no liability attaches for discreet and incidental, even if unconstitutional actions.

Alleging only a single instance of wrongdoing by the defendants, the plaintiffs fail to allege facts establishing a course of misconduct constituting a policy or pattern that supports a Section 1983 claim. The amended complaint fails to allege, except in a conclusory fashion, that an agreement existed between the SCSO and the FDLE to defraud or otherwise injure plaintiff. See Dolin v. West, 22 F. Supp. 2d 1343, 1350-1351 (M.D. Fla. 1998) (finding conclusory claims "too weak" to demonstrate a conspiracy); Rowe v. City of Fort Lauderdale, 8 F. Supp. 2d 1369, 1377 (S.D. Fla. 1998 (requiring "some factual detail about the conspiracy" because "conclusory statements suggesting a conspiracy are not sufficient to state a claim"). In fact, the plaintiffs do not even allege a conspiracy joined by the Medical Examiner. For all of these reasons, the amended complaint fails to state a claim for relief.

D. *Rooker-Feldman* Precludes The Plaintiffs' Claims.

The gravamen of the amended complaint is that the state court failed to properly probate the will because of the defendants' alleged obstruction of justice (Doc. 43 at ¶¶ 24-29, 34-38). A losing party in an earlier state court adjudication may not appeal the decision to a federal court (other than the United States Supreme Court pursuant to 28 U.S.C. § 1257). D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As the Supreme Court held unanimously, Rooker-Feldman bars a federal district court from hearing "cases brought by state court

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005); see also Christophe v. Morris, 198 Fed. Appx. 818, 825 (11th Cir. 2006) (construing part of a complaint as a challenge to a state court adjudication authorizing a landlord to evict a tenant, and holding these claims barred under Rooker-Feldman).

If a litigant frames an appeal of a state probate court's action as a federal Section 1983 claim it must be dismissed. Wilson v. Shumway, 264 F.3d 120, 125 (1st Cir. 2001) holds that a probate court determination cannot be challenged in United States district court as a purported violation of Section 1983 if the plaintiff merely "seeks to undo the consequences of the state court judgment." See also Hale v. Harney, 786 F.2d 688, 690-91 (5th Cir. 1986) (holding that Rooker-Feldman bars a Section 1983 claim inextricably intertwined with an earlier state court divorce decree because any relief would modify that decree) (quoting Feldman, 460 U.S. at 482 n. 16); Sutton v. Sutton, 71 F. Supp. 2d 383, 392-93 (D. N.J. 1999) (holding that Rooker-Feldman bars a Section 1983 claim against officials involved in the accounting and administration of an estate in probate). In the guise of a Section 1983 claim, the Esdales seek a circuitous review of an unfavorable decision in Florida's probate court. Although they assert purported claims under Section 1983 against the SCSO and the Medical Examiner, the Esdales' "injury" (i.e. the alleged deprivation of their ability to preserve bequeathed property), even if true, derives from the earlier adjudication by the Florida circuit court.

Indeed, the plaintiffs admit in paragraphs 43-48 of the amended complaint that the claimed injury arises from the Florida circuit court's decision to award Amurrio over a

hundred thousand dollars in attorney fees and costs (Doc. 43 at ¶¶ 43-48). The Florida probate court found the plaintiffs' claims to be "borderline ... frivolous" and exercised their statutory discretion to award Amurrio her attorney fees and costs. See Order Admitting November 15, 2001 Last Will And Testament To Probate And Appointing Maria A. Cohen As Personal Representative Of The Estate Of Murray B. Cohen (stating that the plaintiffs' challenge to the probation of the Estate was "borderline to being considered a frivolous lawsuit") (Doc. 44, Exhibit 1). See Fla. Stat. 733.106(4) ("[W]hen costs and attorney's fees are to be paid from the estate, the court may direct from which part of the estate they shall be paid."); (Dayton v. Conger, 448 So.2d 609, 611 (Fla. 3d DCA 1984) (holding that Florida statutory law gives "the probate court latitude in determining which assets of the estate should be used to pay attorney's fees.") Finding distasteful the initial bite at the apple in Florida's probate court, the plaintiffs seek a second bite in United States District Court. However, pursuant to Rooker-Feldman, the Florida court, not a federal district court, provides the appropriate forum (if any) for review of the circuit court's adjudication.[4] See Hatcher v. Collins, 76 Fed. Appx. 891, 893 (10th Cir. 2003) (rejecting under Rooker-Feldman "plaintiff's theory ... that the state [probate] court effected a taking, in violation of the United States Constitution, by determining that certain property interests at stake in ... probate proceedings belonged to people other than plaintiff.").

[4]Florida's Second District Court of Appeal is the appropriate court to hear an appeal from a Sarasota county probate court. Article V. Section 4(b)(1), Constitution of Florida; Section 35.03, Florida Statutes.

## CONCLUSION

In sum, the defendants' motions to dismiss (Docs. 44, 45) are **GRANTED**, and the action is **DISMISSED WITH PREJUDICE**. The Clerk is directed to (1) terminate any pending motion/s, and (2) close the case.

ORDERED in Tampa, Florida, on May 1, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc: US Magistrate Judge
Courtroom Deputy